### 294.　JONES *v.* ROUGHTON *et al.*

In order to entitle the defendant in an action, civil or criminal, under the act of December 17, 1901, which makes it unlawful for one to employ the tenant or cropper of another, to a judgment for the costs and attorney's fees provided for by the third section of that act, he must present an issue for that purpose upon the trial, and have the costs and attorney's fees found in his favor by the jury. The judge has no power to award them after verdict, in the absence of such a finding by the jury.

Motion for costs and fees, from city court of Sandersville— Judge Burch presiding. October 25, 1906.

Argued April 29,—Decided May 9, 1907.

*A. R. Wright,* for plaintiff in error. *Evans & Evans,* contra.

POWELL, J. R. E. Roughton caused Silas Jones to be arrested and bound over upon a warrant charging him with violating the act of December 17, 1901 (Acts 1901, p. 63), relating to the em-

ployment of another's tenant or cropper. G. M. Roughton after-
wards came into the city court, made affidavit charging Jones with
the same offense, and signed the accusation as prosecutor. The
case went to trial, and the State failed to make out a case; and,
without putting the defendant to proof of any of his defenses, the
court directed a verdict of not guilty, which was duly returned.
After the trial and on the same day, Jones filed a motion, alleg-
ing the trial and the verdict, and praying judgment against R. E.
Roughton and G. M. Roughton, as the prosecutors, for costs and
reasonable attorney's fees, stating that $25 was a reasonable at-
torney's fee. It appeared, from the proof submitted in support
of the motion, that G. M. Roughton had signed the accusation as
prosecutor, at the special instance and direction of B. E. Rough-
ton. The court refused the motion.

The act of 1901, after making it penal to hire the cropper or
tenant of another, provides, that "any person violating the pro-
visions of the foregoing section shall, at the option of the party
alleged to have been injured, be prosecuted as for a misdemeanor,
and upon conviction punished as provided-in section 1039 of the
Penal Code, or he shall be liable in damages to said alleged injured
party as follows," a penalty being designated. The third section
of the act is as follows: "In addition to other defenses the follow-
ing defenses in both civil and criminal cases arising under the
provisions of this act shall be good and sufficient, when proved in
every item to the satisfaction of the jury, to wit: (1) For the
defendant to show that prior to the alleged violation of this act
said employee, tenant or cropper, as the case may be, had for good
reason and just cause abandoned his' said contract and terminated
the relation created thereby. (2) For the defendant to show as a
complete defense all of the following facts, to wit: That prior to
employing or otherwise contracting with said employee, tenant or
cropper, an affidavit to the effect that said employee, tenant or
cropper was not at the time under a prior existing contract, which
affidavit the defendant shall show to the court, and that imme-
diately on proof that said employee, tenant or cropper was under
contract defendant discharged him, and refused to permit and did
not permit him to remain on his (defendant's) premises. When-
ever in a suit for the recovery of damages the defendant shall
urge his defense successfully, he shall have judgment against the

plaintiff for all costs and reasonable attorney's fees, and in case of a like result in the prosecution of a criminal case under the provisions of this act, the defendant shall have a like judgment against the prosecutor."

This statute, being in derogation of the common law, must be strictly construed. We think that after verdict it is too late for the defendant to move a judgment for costs and attorney's fees. If the defendant desires this recovery against the plaintiff, he should, whether the proceeding be by the civil or by the criminal action, make the distinct issue upon the trial of the case, and not after verdict. The amount of the attorney's fees is not fixed by the act, and the reasonableness of the allowance is an issuable fact. Ordinarily, issuable facts are not to be determined save by the verdict of a jury. Usually, if a law provides for a judgment, upon a fact to be found or a sum to be assessed, jury trial is necessary, unless the power to try the issue is expressly lodged elsewhere. No power being expressly conferred upon the judge to pass on this issue, he did not err in declining to assess the attorney's fees.                    *Judgment affirmed.*